Cui v. Holder

BIA
Cheng, IJ
A087 462 981

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand fourteen.

PRESENT:
>        ROBERT A. KATZMANN,
>             *Chief Judge,*
>        RALPH K. WINTER,
>        DEBRA ANN LIVINGSTON,
>             *Circuit Judges.*

_____

ZHENGGEN CUI,
>        *Petitioner,*

>        v.                                          12-3309
>                                                    NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

| | |
|---|---|
| FOR PETITIONER: | Gregory Marotta, Law Office of Gregory Marotta, Vernon, New Jersey. |
| FOR RESPONDENT: | Stuart F. Delery, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Surell Brady, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhenggen Cui, a native and citizen of China, seeks review of a July 26, 2012, decision of the BIA affirming a July 7, 2009, decision of Immigration Judge ("IJ") Mary Cheng, denying Cui's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").  We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed both the BIA's and the IJ's decisions.  *See Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir. 2008).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 165-66 (2d Cir. 2008).

For applications like this one, governed by the REAL ID Act of 2005, the agency may base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's

2

claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Analyzed under this standard, the agency's adverse credibility determination is supported by substantial evidence.

As an initial matter, Cui has not challenged the agency's reliance on the negative demeanor finding, his inconsistent testimony as to the length of his leave from work, or the omission of the reason for his first trip to the United States from the asylum application. These findings alone provide support for the adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008).

As to the findings Cui has challenged, the agency reasonably relied on his failure to include his broken rib and overnight hospital stay in the statement in support of his asylum application. Although Cui argues that he has explained these omissions, a reasonable fact-finder would not be compelled to credit his assertion that he did not think it was necessary to include these details. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding that the agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so). We decline to consider Cui's

3

unexhausted contention that he omitted the broken rib from the asylum statement because there is no medical treatment for such a fracture. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007).

Cui notes that the asylum statement generally asserted that he had been injured and sought medical treatment. However, given that the alleged mistreatment he suffered during the detention was his sole claim of past persecution, the agency's reliance on these omissions was reasonable. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006).

The agency also reasonably relied on Cui's inconsistent testimony as to when he was fired from his job. The agency was not compelled to accept his explanation – that he returned to the workplace after he was fired to finish and organize some of his work – considering that Cui did not explain why he needed to finish or organize anything if he had been terminated the month before. *See Majidi*, 430 F.3d at 80-81. Cui has also failed to provide a compelling explanation for his inconsistent testimony as to whether he knew who informed authorities about his statements.

Having found Cui not credible, the agency reasonably noted that his failure to provide corroboration further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The letter from his father did not provide adequate corroboration because it omitted both his broken rib and his hospitalization, and Cui could not explain these omissions. Although Cui emphasizes that he provided medical documentation that he suffered a broken rib, the agency found that this evidence did not indicate how he broke his rib, and the weight afforded to the applicant's evidence lies largely within the discretion of the agency. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006)

Accordingly, given the unchallenged findings, the inconsistencies relating to Cui's sole allegation of past harm, and the lack of corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

Having reasonably found that Cui failed to establish eligibility for asylum on credibility grounds, the agency did not err in denying withholding of removal and relief under the CAT, as these claims shared the same factual

predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk